## BETZ *a.* BETZ.

*New York Superior Court; General Term, June,* 1864.

### SUPPLEMENTAL ANSWER IN DIVORCE.—CONDONATION.

An offer by a wife to return to her husband and live with him, if made pursuant to an order of court, for her support in lieu of an allowance, or if not accepted, or made upon conditions which the husband does not comply with, is not a condonation of his previous cruel treatment and abandonment of her.

A supplemental answer in an action by her for a limited divorce, setting up only such facts, does not show a defence; and leave to put in such an answer should be refused.

This was an appeal from an order denying the petition of the defendant for leave to put in a supplemental answer in a suit for a limited divorce for alleged cruelty and abandonment.

The facts were as follows:

After the commencement of the suit, and on the 21st of March, 1863, upon an application made for alimony *pendente lite*, the court directed, by its order, that "the plaintiff must offer to return to the society of the defendant, in case he shall provide a place for her support, within a week from the making of this order; and, in case she does so, the defendant must provide such place and support. If she does not, the motion must be denied: if she does, and he does not supply such place and support, there must be an order for his allowing $8 a week until the determination of the cause, and $30 counsel-fee."

The plaintiff being quite poor, and having no means of support for herself and her infant child, thereupon offered to the defendant, in writing, to return to his society, on his providing a suitable abode and support for her in accordance with the terms of the order. Seventeen days afterwards the defendant notified the plaintiff that he had, in pursuance of the order of the 21st March, and the offer of the plaintiff under said order, provided a suitable place for her abode at No. 1258 Broadway, and also a suitable support for her at said house.

The plaintiff, thereupon, caused the proposed residence to be examined; and finding it, in her opinion, unsuitable, declined to reside there, and notified the defendant thereof.

The proposed supplemental answer simply averred that, on the 25th of March, 1863, the plaintiff offered to return to the society of the defendant on his providing a suitable place of abode and support for her; that on the 11th of April, 1863, the defendant offered to and did provide a suitable abode and support for her, and offered to receive her back, and that she refused, and still refuses to accept such offer.

Leave to interpose this answer was applied for and refused at special term, and the defendant appealed.

*Cram & Robinson*, for the defendant, appellant.

*Kapp & Goepp*, for the plaintiff, respondent.

By the Court.—Barbour, J. (after stating the facts.)—The defendant claims that this offer of the plaintiff to return to her husband and live with him was a condonation of the injuries complained of, and therefore constitutes a bar to further proceedings in the action.

But I am satisfied, upon an examination of the authorities, that this position cannot be maintained. For the proposed supplemental answer does not aver that the offer of the wife was accepted by the defendant.; and it expressly states that his offer, which was not made until the lapse of seventeen days, and which appears from such supplemental answer to have been a distinct proposition on the part of the husband, entirely unconnected with the offer the plaintiff had previously made to him, was refused by her.

There was no time, therefore, when the minds of the parties met upon the offer on the one side to forgive, upon the specified conditions, and the acceptance of such forgiveness and the performance of those conditions by the other; and an act of condonation, to be effectual, must be one to which both husband and wife assent, and in which each participates.

An unaccepted offer to return to the matrimonial bed is not, of itself, a condonation, but only an expression of a willingness to condone. In the case made by the supplemental answer, it was at most merely the expression of a desire on the part of the plaintiff to make an agreement with the defendant whereby the injury should be condoned at a future period, and on the latter's assenting to and performing certain conditions. That was not a condonation. (See 2 *Bishop*, 347; Popkin *a.* Popkin, 1 *Hagg. Ecc. R.*, 766; Ferrars *a.* Ferrars, *Ib.*, 781, n.; Quarles *a.* Quarles, 19 *Ala. R.*, 363; Peacock *a.* Peacock, 1 *Swab. & Tr.*, 183.)

Again : the term condonation necessarily includes that operation of the mind, evinced by words or acts, known as forgiveness—the free, voluntary, and full forgiveness and remission of a matrimonial offence. Unless accompanied by that operation of the mind, even cohabitation without fraud or force is in-

sufficient to establish a condonation. (2 *Bish. Mar. Div.*, 52 ; D'Aguilas *a.* D'Aguilas, 1 *Hagg. Ecc. R.*, 773 ; Popkin *a.* Popkin, *supra;* Curtis *a.* Curtis, 1 *Swab. & Tr.*, 192 ; Reese *a.* Reese, 23 *Ala. R.*, 785.)

In this case it appears to me there is no evidence of an intention on the part of the wife to forgive her husband voluntarily and to reinstate him in her affections, nor even to abandon her suit. But, on the contrary, it is quite clear that her offer to the defendant was made for the purpose of obtaining a support for herself and her child during the pendency of the suit, and because the order of the court required her to do so, as a condition upon which such support was to be obtained. It was intended by the court as a substitute for an award of alimony during the progress of the suit, and was so accepted and acted upon by the plaintiff.

The proposed supplemental answer, therefore, would have constituted no defence, and, for that reason, the rejection of the petition was proper.

The order should be affirmed, with costs.